IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WALANDO KENNEY,

    Petitioner,

v.                                          Civil Action No. 5:17CV135
                                                         (STAMP)
STEPHEN KALLIS,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I.  Procedural History

The pro se[1] petitioner, a federal inmate housed at FCI Hazelton, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The instant matter concerns the calculation of the end date of the petitioner's sentence. ECF No. 1 at 5.

In the petition, petitioner alleges that the Federal Bureau of Prisons ("BOP") denied him credit for pretrial detention time in which he was in federal custody. ECF No. 1 at 5. The petitioner also alleges that he was not credited for time in federal custody after his federal sentence was imposed. ECF No. 1 at 5. The petitioner contends that, properly calculated, his sentence should have ended on May 18, 2018, but that his projected release date is instead June 11, 2022. ECF No. 1-1 at 3. The petitioner

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

acknowledges that he has not exhausted administrative remedies and expressly states that the BOP's process has been initiated but has not yet concluded. ECF No. 1 at 8. However, the petitioner asks that the exhaustion requirement be waived because the time it will take to exhaust his remedies will cause "an irrepairable [sic] harm, an additional period of incarceration." ECF No. 1-1 at 4.

The respondent, the Warden of FCI Hazelton, filed a motion to dismiss or, alternatively, for summary judgment. ECF No. 20. The respondent first argues that a waiver of the exhaustion of remedies requirement is not warranted because the petitioner has not established that administrative remedies would be futile. ECF No. 21 at 8-9. The respondent points out that "time constraints do not necessarily excuse administrative exhaustion." ECF No. 21 at 9-10 (citing Compton v. Phillips, Civil Action No. 2:07-cv-32, 2007 WL 2903244 (N.D. W. Va. Oct. 4, 2007)). Second, the respondent contends that the BOP properly computed petitioner's federal sentence because the time in question was applied to the petitioner's state sentence. ECF No. 21 at 13. Thus, the respondent contends that the petitioner's § 2241 petition should be dismissed or, alternatively, summary judgment should be granted in favor of the respondent. ECF No. 21 at 15.

In response, the petitioner asserts that he was in federal custody during the relevant time prior to sentencing, and that this time should be applied to his federal sentence. ECF No. 29 at 2.

Further, the petitioner argues that when dismissal for failure to exhaust would result in a waste of judicial time and resources, failure to exhaust should be excused. ECF No. 29 at 4.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge entered a report and recommendation. ECF No. 30. In that recommendation, the magistrate judge noted that excusing failure to exhaust is appropriate when the record reflects no unresolved issues. ECF No. 30 at 8. Because there are unresolved issues in the instant case, the magistrate judge found that the petitioner must exhaust his administrative remedies. ECF No. 30 at 9. Further, the magistrate judge noted that the petitioner had not begun exhausting his grievance until long after the computation of his sentence on June 29, 2017. ECF No. 30 at 9. The magistrate judge found that if the petitioner had initiated the process of pursuing his administrative remedies earlier, he could have properly exhausted his administrative remedies and potentially received a final ruling near May 18, 2018,[2] the date the petitioner contends should have ended his sentence. ECF No. 30 at 9. Accordingly, the magistrate judge recommended that the respondent's motion to dismiss or,

---

[2] The typographical error in the magistrate judge's report and recommendation reads "May 18, <u>2017</u>" (emphasis added). However, it is clear that the magistrate judge intended to write May 18, 2018. ECF No. 30 at 9.

3

alternatively, for summary judgment be granted and the petitioner's § 2241 petition be dismissed without prejudice. ECF No. 30 at 9.

The petitioner timely filed objections. ECF No. 32. The petitioner argues that the administrative remedies may not develop the factual background of the unresolved issues, and that it would be more efficient for the Court to resolve the case prior to exhausting administrative remedies. ECF No. 32 at 2-3. Next, the petitioner asserts for the first time that he was delayed in seeking administrative remedies because he was unable to obtain an appropriate form for Administrative Remedy Request (BP-9 form). ECF No. 32 at 2. The petitioner cites an email from September 14, 2017 as documentation. ECF No. 32-1. Finally, the petitioner again argues that he should not have to show that administrative remedies would be futile because of the irreparable harm that would be caused by any further delay. ECF No. 32 at 3.

On June 25, the petitioner filed a document titled "Judicial Notice" in which he asks this Court to remand the case back to the magistrate judge and appoint counsel. ECF No. 33. The petitioner attached copies of administrative forms that he filed after receiving the report and recommendation. ECF No. 33-1.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed

4

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Because the petitioner filed objections to the report and recommendation, this Court reviews the magistrate judge's recommendation de novo as to those findings to which objections were made.

For the reasons stated below, this Court adopts and affirms the report and recommendation of the magistrate judge (ECF No. 30) in its entirety, grants the defendant's motion to dismiss, or alternatively, for summary judgment (ECF No. 20), overrules the petitioner's objections (ECF No. 32), dismisses as moot the motion to remand and appoint counsel (ECF No. 33), and dismisses the petition (ECF No. 1) without prejudice.

In his objections, the petitioner argues that failure to exhaust administrative remedies should be excused because, first, it would be more efficient for unresolved issues of fact to be resolved by the Court, and second, any further delay will cause the petitioner irreparable harm. ECF No. 32 at 2-3. Further, the petitioner argues that he was delayed in filing administrative

5

grievances because he was unable to obtain the necessary grievance form.  ECF Nos. 32 at 2 and 32-1.  As the magistrate judge noted, the exhaustion requirement in habeas motions should only be excused if administrative remedies would be futile.  ECF No. 30 at 7 (citing Jaworski v. Gutierrez, 509 F. Supp. 2d 573 (N.D. W. Va. 2007)).

Upon de novo review, this Court does not find that administrative remedies would be futile.  As the magistrate judge noted, there are unresolved issues of fact pertaining to the computation of the petitioner's sentence, such as whether the petitioner was released on bond following his arrest, whether the state relinquished primary custody during federal criminal proceedings, and why the petitioner was held in a federal facility during state criminal proceedings.  ECF No. 30 at 8.  One purpose of the requirement of exhaustion of administrative remedies is to develop the factual background of the underlying case.  See McCarthy v. Madigan, 503 U.S. 140, 145 (1992) ("even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration"); Woodford v. Ngo, 548 U.S. 81, 95 (2006) ("proper exhaustion often results in the creation of an administrative record that is helpful to the court.").  Here, the BOP grievance procedures are the proper avenue for the petitioner to develop the factual background of his claim.  Further,

petitioner's contention that it is likely that BOP administrative procedures will fail to further develop the factual background is not enough to establish the futility of exhausting administrative remedies. Lastly, this Court notes that although the petitioner provides an email documenting his difficulty in obtaining the necessary grievance form (ECF No. 32-1), this email, dated September 14, 2017, was sent over two months after the petitioner could have begun exhausting administrative procedures following the June 29, 2017 computation. Accordingly, this Court finds that dismissal of this case for failure to exhaust is appropriate.

This Court notes that soon after filing objections, the petitioner filed a request styled as "Judicial Notice," in which he asks this Court to remand the case back to the magistrate judge and appoint counsel to represent the petitioner. ECF No. 33. This Court construes petitioner's "request" as a motion. Because this Court has dismissed the above-styled civil action without prejudice in order for the petitioner to exhaust administrative remedies, petitioner's motion (ECF No. 33) is DISMISSED AS MOOT.

IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 30) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the respondent's motion to dismiss, or alternatively, for summary judgment (ECF No. 20) is GRANTED, the petitioner's motion to remand to the magistrate judge and appoint

7

counsel (ECF No. 33) is DISMISSED AS MOOT, and the petitioner's objections (ECF No. 32) are OVERRULED. It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 7, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE